

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2005

# Seville v. Martinez

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1057

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Seville v. Martinez" (2005). *2005 Decisions.* Paper 1222.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1222

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-155                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1057
_____

DOUGLAS SEVILLE,
                                        Appellant
                              v.

BENJAMIN A. MARTINEZ, Chairman, PA Board of Probation & Parole; KATHLEEN
ZWERZYNA, Secretary, PA Board of Probation & Parole; KENNETH K. KYLER,
Warden, SCI-Huntingdon; LINDA THOMPSON, Parole Agent/Supervisor,
SCI-Huntingdon; ROGER LEIDY, Corrections Counselor, SCI-Huntingdon;
JOSEPH OGERSHOK, Corrections Counselor Unit Manager; HEARING EXAMINER
CHARLES MITCHELL; ROBERT A. GREEVY, Assistant Counsel Parole Board;
BENSALEM POLICE OFFICER

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-00659)
District Judge:  Honorable Malcolm Muir

_____

Submitted Under 28 U.S.C. § 1915(e)(2)(B)
March 10, 2005

Before:  ROTH, BARRY and SMITH, Circuit Judges

(Filed: May 10, 2005)
_____

OPINION
_____

PER CURIAM

    Appellant Douglas Seville appeals from the District Court's order granting

Defendants' motions to dismiss.  Seville filed a complaint pursuant to 42 U.S.C. § 1983

seeking monetary damages for an alleged unlawful arrest and sentence, as well as an alleged injury from the filing of a false misconduct report. Because Seville's appeal is lacking in arguable legal merit, we will dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B).

We write only for the parties and, therefore, just briefly recite the facts. In 1973, Seville was sentenced to serve twenty years imprisonment. He was released on parole three times, each time violating the conditions of release and forfeiting the credit. While on his third parole release, Seville absconded. He was arrested for the violation over eleven years later. Seville claims that his term of imprisonment expired on August 19, 2003, but the Parole Board unlawfully set a new expiration date of August 14, 2010. He also seeks monetary damages against several corrections staff for filing an alleged fraudulent misconduct report, and against Police Officer Hart for damage to Seville's car and a warrantless arrest. The District Court granted the Defendants' motion to dismiss and Defendant Hart's motion for change of venue. Seville then brought this appeal.

We note initially that we are without jurisdiction to review the order transferring venue with respect to Defendant Hart. See In re Federal-Mogul Global, Inc., 300 F.3d 368, 378 (3d Cir. 2002). An order transferring venue is not a final or appealable order. Id.; 28 U.S.C. § 1291 (establishing federal appellate jurisdiction). Thus, the appeal with respect to Defendant Hart is dismissed.

We exercise plenary review over Seville's remaining claims. See Marshall v. Lauriault, 372 F.3d 175, 179 (3d Cir. 2004). With respect to Seville's claim seeking monetary damages for serving an unlawful sentence, he is barred by Heck v. Humphrey,

2

512 U.S. 477, 486-87 (1994). Seville's claim, if successful, would necessarily imply the invalidity of his sentence. See Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). Because he has not proven "that the conviction or sentence has been reversed . . . , expunged . . . , declared invalid . . . , or called into question by a federal court's issuance of a writ of habeas corpus," his claim is not cognizable under § 1983. Heck, 512 U.S. at 486-87. See also Seville v. Kyler, 2004 WL 1615397, slip op. (E.D. Pa. July 15, 2004) (denying habeas relief on petition alleging the service of an unlawful sentence).

With respect to Seville's claim that his due process rights were violated, the filing of a fraudulent misconduct report and related disciplinary sanctions do not without more violate due process. See Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002). However, Seville appears to claim that the false misconduct report caused injury to his reputation. "[T]he proposition that reputation alone, apart from some more tangible interests such as employment, is either 'liberty' or 'property' by itself sufficient to invoke the . . . Due Process Clause" is simply not sustainable. Paul v. Davis, 424 U.S. 693, 701 (1976). Because Seville has not asserted any deprivation of a constitutionally protected interest, his claim must fail. Additionally, because the complaint is frivolous, the District Court properly dismissed Seville's motion for a permanent injunction. Cf. Hankins v. Temple Univ. (Health Scis. Ctr.), 829 F.2d 437, 438 n.1 (3d Cir. 1987) (stating a request for a preliminary injunction is moot after a final order).

3

For the foregoing reasons, Seville's claims are completely lacking in arguable legal merit and accordingly, we will dismiss.